AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Alphonso George Nelson, | ) | Case No.   13-8035-WM |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

FILED by _____ D.C.

**JAN 2 4 2013**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 17, 2013 _____ in the county of _____ Palm Beach _____ in the

_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. Section 1326(b)(2) | Re-Entry of a removed Alien |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David DiConza, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 24, 2013

_____
*Judge's signature*

City and state:   West Palm Beach, Florida

U.S. Magistrate Judge William Matthewman
*Printed name and title*

## **AFFIDAVIT**

I, David DiConza ("Affiant"), being duly sworn, hereby depose and state the following:

1.     I am a Special Agent with the United States Department of Homeland Security/Immigration and Customs Enforcement, Homeland Security Investigations (HSI) and have been so employed for over two years.   My duties and responsibilities as a Special Agent with HSI include investigating maritime smuggling matters and enforcing the immigration laws of the United States.   Prior to becoming an HSI Special Agent, I was employed as a Deportation Officer with Immigration and Customs Enforcement (ICE).   As a Deportation Officer with ICE, my duties and responsibilities included enforcing criminal and administrative immigration laws of the United States.   Your affiant is assigned to the HSI Office located in West Palm Beach, Florida.

2.     The information contained in this affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers.   This affidavit does not set forth every fact known to me regarding this investigation but only those facts necessary to establish probable cause to charges.

3.     On January 17, 2013, at approximately 7:21 A.M., the United States Coast Guard – Sector Miami (USCG) received a radio transmission regarding a 28' vessel in distress approximately 22 nautical miles east of Boynton Beach, Florida, from an unidentified male. The unidentified male stated that the vessel he was aboard was in distress.   At approximately 8:50 A.M, Customs and Border Protection, Marine Interdiction Agents responded and boarded the distressed vessel. Once on board, agents discovered 15 individuals, including

11 Haitian nationals (2 minors), 2 Guyanese nationals (1 minor), 1 Jamaican national and 1 Cuban national for a total of 15 people.

4.      Onboard the distressed vessel, agents determined that there were not enough lifejackets and provided additional lifejackets. The captain of the vessel was identified as Vladimir AVILA-SUAREZ. AVILA-SUAREZ told agents that he was traveling from West Palm Beach, Florida to Freeport, Bahamas when the vessel broke down. While onboard the vessel agents noticed a handheld Garmin Global Positioning System (GPS) in plain sight. They took a picture of the screen of the handheld GPS which indicated a track line that the vessel had left West Palm Beach, FL and arrived in Bimini, Bahamas and were returning to West Palm Beach, Florida.   Two passengers told agents that they were heading for the United States. AVILA-SUAREZ then stated that they had gone to Bimini, Bahamas.

5.      At approximately 9:20 A.M., the USCG Cutter Gannet arrived.  All the persons onboard, as well as their personal items, were turned over to the USCG Cutter Gannet at approximately 11:20 A.M.  At Approximately 12:00 P.M., a CBP Fort Lauderdale Marine Unit towed the vessel to the Lake Worth inlet and secured it to the dock at the USCG Station Lake Worth.  During a subsequent search of the vessel, Customs and Border Protection, Marine Interdiction Agents located approximately $36,160 in U.S currency and $50 in Bahamian currency. The currency was located behind a built-in SIMRAD GPS in a small plastic bag at the helm of the vessel.

6.      On January 18, 2013, some of the boat's occupants were brought to the U.S. Border Patrol Station in Riviera Beach, Palm Beach County, Florida for processing and interviews. One of the vessel's passengers was identified as a Jamaican national, Alphonso NELSON.

Queries of several federal indices indicated that NELSON was convicted in the United States District Court, New York Southern District for the offenses of conspiracy to distribute and possess with intent to distribute cocaine in violation of Title 21 USC 846, distribution and possession with intent to distribute cocaine in violation Title 21 USC 812 and USC 841. In addition, NELSON was convicted for felon in possession of a firearm in violation of Title 18 USC 922 and was sentenced to a term of 120 months imprisonment.

7.      On or about January 18, 2013, your affiant received documents from the immigration alien file, which is the receptacle for all information maintained by the Department of Homeland Security about an alien, assigned to Alphonso NELSON. Records from the alien file assigned to NELSON show that he is a native and citizen of Jamaica. Records further show that on or about January 23, 2012, Nelson was ordered removed from the United States to Jamaica by an Immigration Judge. U.S. immigration records show that NELSON was deported from the U.S. to Jamaica on February 23, 2012.

8.      January 18, 2013, NELSON's fingerprints were scanned into the IAFIS system. Results confirmed that the individual encountered on January 18, 2013, that is, NELSON, was the same person previously ordered removed from the United States under alien number 043 730 993.

9.      On or about January 23, 2013, your affiant received the Certificate of Nonexistence of Records pertaining to Alien File Number A043 730 993 for the alien identified as NELSON, verifying that, after a diligent search, no record was found to exist indicating that NELSON had obtained consent from either the Attorney General of the United States or the Secretary of the Department of Homeland Security for re-admission into the United States as required

3

by law

10.     Border Patrol Fingerprint expert Richard Abbott conducted a fingerprint comparison. He compared the prints taken from NELSON on January 18, 2013 with the print appearing on the Warrant of Removal/Deportation executed on February 23, 2012. The fingerprint comparison confirmed that the fingerprints impressions were made by one and the same person.

11.     On January 18, 2013, a post-Miranda interview of Paramand DEVISHRI, the Guyanese national who was also on board the distressed vessel was conducted by agents. DEVISHRI stated that she travelled to Bimini, Bahamas on December 14, 2012.  DEVISHRI stated she met AVILA-SUAREZ in Bimini and calls him "Vamos".  DEVISHRI stated that she paid him $83.00 US Currency for her and her child to come to the United States for a week and then return to the Bahamas.  She further stated that she told AVILA-SUAREZ that she did not have a visa to enter the United States.  DEVISHRI stated that she boarded the vessel on January 16, 2013 and that AVILA-SUAREZ was piloting the vessel.  After one hour, the vessel engine died on the vessel and they started drifting.  DEVISHRI stated that the Jamaican national identified as Alphonso NELSON radio the USCG for help.  DEVISHRI was shown a photograph lineup, which contained a photograph of AVILA-SUAREZ. DEVISHRI identified photograph number 4 as the person piloting the vessel, which is that of AVILA-SUAREZ.

12.     Based on the foregoing, your affiant believes that there is sufficient probable cause to

charge Alphonso NELSON with violating Title 8, United States Code, Section 1326(b)(2);

Re-Entry of a Removed Alien.

FURTHER AFFIANT SAYETH NAUGHT

_____

HSI Special Agent David DiConza

Sworn and subscribed before me
this **24th** day of January, 2013,
at West Palm Beach, Florida.

_____

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   13-8035-WM

UNITED STATES OF AMERICA

vs.

Alphonzo George Nelson,

Defendant.
_____/

## CRIMINAL COVER SHEET

1.   Did this matter originate from a matter pending in the Northern Region of the United
     States Attorney's Office prior to October 14, 2003?   _____ Yes   _X_ No

2.   Did this matter originate from a matter pending in the Central Region of the United States
     Attorney's Office prior to September 1, 2007?   _____ Yes   _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:   _____

EMALYN WEBBER
ASSISTANT UNITED STATES ATTORNEY
Emalyn.Webber@usdoj.gov
Florida Bar No. 407501
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel:  (561) 820-8711
Fax: (561) 820-8777